■ In the Matter of the Judicial Dissolution of Harrison Realty Corp. Vincent A. Merola, Appellant; Thomas J. Axon, Respondent. [744 NYS2d 23] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered December 18, 2001, which, to the extent appealed from, denied petitioner's motion to appoint a receiver to implement and conclude the dissolution of Harrison Realty Corp. (HRC), unanimously affirmed, without costs.

The record supports the motion court's determination that grounds for the appointment of a receiver in this action for dissolution of a closely held corporation were not established, since Merola, one of the two principals owning 50% of the corporation, did not demonstrate danger of irreparable loss, and resort to a receivership is appropriate only when necessary for the protection of the interests of the parties (*see, Matter of DiBona [General Rayfin]*, 45 AD2d 696). Merola's allegations that his fellow HRC shareholder, respondent Thomas Axon, used HRC funds without authorization during the course of the judicial dissolution proceedings, do not establish a serious risk of potential loss or violation of the court's directives. All of the cited expenditures but one were made prior to the date of the court's order of dissolution, and the single payment involving HRC funds that appears to have been made after the date of the order was apparently made five days later, which, so far as can be determined from the appellate record, may well have been before entry and service of the order. Furthermore, as Merola's attorney previously acknowledged in correspondence with opposing counsel, any inequity created result-

ing from the disputed payments would be properly addressed in the final accounting submitted to the court in the course of effecting the dissolution.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Buckley, Ellerin, Wallach and Gonzalez, JJ.